■ HELEN H. O'MALLEY, Appellant, v. THOMAS B. GILCHRIST et al., Respondents.— Judgment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Botein, Frank, Valente and McNally, JJ.

■ FAYE SCHEINBERG, Respondent, v. HARRY SCHEINBERG, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. We hold only that the Statute of Limitations is no bar to the action. Concur — Peck, P. J., Botein, Frank, Valente and McNally, JJ. [See post, p. 1015.]

■ EMANUEL LESTER, as Assignee, Appellant, v. STELLA RUBINSTEIN et al., as Executors of SERGE RUBINSTEIN, Deceased, Respondents.— Order unanimously modified to the extent of permitting plaintiff to replead and, as so modified, affirmed, with $20 costs and disbursements to the respondents. The complaint is insufficient to allege the terms of the joint venture or to connect the purchase of the property or the later action of Rubinstein with the joint venture. For example: It is not clear whether plaintiff's assignor did in fact invest his time, skill and money in the alleged joint venture and, if so, to what extent and in what manner. The subject matter of the joint venture is stated to be the "American assets" of the Chosen Corporation, Ltd., but there are no allegations of ultimate fact setting forth clearly whether these assets ever became the property of plaintiff's assignor and Rubinstein, or either of them. Without setting forth the relationship of plaintiff's assignor and Rubinstein to Mountbreak Corporation, and the nature of that corporation's ownership of the assets of the alleged joint venture, there is no showing that the joint venture eventuated. While the second amended complaint does not sufficiently allege facts to support the existence of the joint venture upon which the demand for an accounting is predicated, it cannot be said that if properly pleaded plaintiff's only remedy would be an action for breach of contract which would be barred by the six-year Statute of Limitations. Settle order on notice. Concur — Peck, P. J., Botein, Frank, Valente and McNally, JJ.

■ MAX SIEGEL et al., Doing Business as SIEGEL & GREEN, Appellants, v. R. C. WILLIAMS & Co. INC., Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. Although an accounting is not the proper relief or remedy, the pleading is sufficient to comprise a defense or counterclaim for unjust enrichment. Concur — Peck, P. J., Botein, Frank, Valente and McNally, JJ.

■ JORGE DE ATUCHA, Respondent, v. MANUFACTURERS TRUST COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Botein, Frank, Valente and McNally, JJ. [See post, p. 1004.]

■ BALKAN DEMOLITION Co., INC., Respondent, v. YORKSHIRE INSURANCE COMPANY OF NEW YORK et al., Appellants, et al., Defendant.— Order denying defendants' motion to dismiss the complaint unanimously reversed, with $20 costs and disbursements to the appellants and the motion granted. An action on the policy is entirely adequate to serve plaintiff's need and purpose. An action for a declaratory judgment is neither necessary nor appropriate under the circumstances. Order denying defendants' motion for reargument. Appeal dismissed. Concur — Peck, P. J., Botein, Frank, Valente and McNally, JJ.

■ In the Matter of the Estate of GAETANO DE SANTIS, Deceased. DELIA DE SANTIS, Appellant; GUISEPPINA DE SANTIS et al., Respondents.— Decree unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Botein, Frank, Valente and McNally, JJ.